NICOLE KALISH )
and all others similarly situated under 29 )
U.S.C. 216(B), )
                                     )
               Plaintiff, )
  vs. )
                                     )
CHOCOLADA BAKERY & CAFÉ, INC. )
THEODORA DAYAN )
                                     )
               Defendants. )
_____ )

## **COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS**

Plaintiff, NICOLE KALISH on behalf of himself and all others similarly situated under 29 U.S.C. 216(B), through undersigned counsel, files this Complaint against Defendants CHOCOLADA BAKERY & CAFÉ, INC., and TEHODORA DAYAN and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Broward County, Florida at the time that this dispute arose.

3. The Defendant, CHOCOLADA BAKERY & CAFÉ, INC., is a company that regularly transacts business within Broward County, Florida. Upon information and belief, the Defendant Company was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. The individual Defendant, THEODORA DAYAN, is a corporate officer and/or owner and/or manager of the Defendant Company who runs the day-to-day operations of the Defendant Company for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's

employer as defined by 29 U.S.C. 203 (d).

5. All acts or omissions giving rise to this dispute took place in the Southern District of Florida.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

6. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(B). It is believed that the Defendants have employed several other similarly situated employees like the Plaintiff who has not been paid overtime and minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. 29 U.S.C. § 207 (a) (1) states if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate.

9. Plaintiff NICOLE KALISH worked for Defendants as a cashier and counter worker for the Defendants from on or about February 1, 2016, through July 1, 2016.

10. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to them by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to

the movement of commerce while they worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

11. Upon information and belief, the Defendant Company had gross sales or business done in excess of $500,000 annually for the years 2016 and 2015.

12. Upon information and belief, the Defendant Company's gross sales or business done is expected to exceed $500,000 annually for the year 2017.

13. Furthermore, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus also making Defendants' business an enterprise covered under the Fair Labor Standards Act.

14. From on or about February 1, 2016, through July 1, 2016, Plaintiff NICOLE KALISH worked an average of 50 hours per week and was paid an average of $9.00 per hour, but was never paid the extra halftime overtime rate for hours worked above 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half-time overtime rate for the 10 hours of overtime she averaged each week. Accordingly, the estimated amount of damages owed to the Plaintiff is as follows: 22 weeks worked X $4.50 half time X 10 hours of overtime per week X 2 (liquidated damages) = $1,980.00.

15. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages from the commencement of Plaintiff's employment for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

Respectfully submitted,

By: /s/ James Loren
James Loren, Esq.
FL Bar No.: 55409

GOLDBERG & LOREN, P.A.
100 S. Pine Island Road, Ste 132
Plantation, FL 33324
Tel: 800-719-1617, Ext 2107
Fax: 954-585-4886
E-mail: Jloren@goldbergloren.com